**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

SHARON TAYLOR,

    Plaintiff,      :    Case No. 3:11-CV-457

                  :    District Judge Timothy S. Black
  -vs-                       Magistrate Judge Michael J. Newman

ALLSTATE INSURANCE COMPANY,  :

    Defendants.

---

**REPORT AND RECOMMENDATION
AND
NOTICE REGARDING OBJECTIONS**

---

        This is a *pro se* civil case removed to this Court by Defendant on December 27, 2011.  Doc. 1.  Following removal, Plaintiff filed a motion for default judgment and/or for remand on January 13, 2012.  Doc. 8.

        Recognizing that Defendant had timely filed an Answer, the Court recommended, on January 13, 2012, that Plaintiff's request for default judgment be denied.  Doc. 9

        Now before the Court is Plaintiff's motion for remand (doc. 8).  The Court has considered Plaintiff's motion, as well as her memorandum in support (doc. 13), and Defendant's memorandum in opposition (doc. 12).  Recognizing that Plaintiff appears *pro se*, the documents she filed have been liberally construed in her favor.  *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

        As best the Court can tell from that liberal review of her pleadings, *pro se* Plaintiff complains of a breach of contract by Defendant. As Defendant makes clear in its memorandum in opposition, *see* doc. 12, the Court finds that the requirements of diversity jurisdiction have been satisfied:

Plaintiff is a citizen of Michigan; Defendant is a citizen of Illinois; and the alleged breach of contract concerns more than $75,000 in damages. *See* 28 § U.S.C. 1332. Accordingly, the Court **RECOMMENDS** that Plaintiff's motion for remand (doc. 8) be **DENIED**.


January 25, 2012                                              s/ **Michael J. Newman**
                                                              United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).