# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

SHARON TAYLOR,

      Plaintiff,

-vs-

ALLSTATE INSURANCE COMPANY,

      Defendant.

:    Case No. 3:11-cv-457

:    District Judge Timothy S. Black
    Magistrate Judge Michael J. Newman

:

## ORDER GRANTING DEFENDANT'S MOTION TO INSPECT
## PLAINTIFF'S REAL PROPERTY (DOC. 21)

This is a *pro se* insurance coverage case for which the Court recently held a scheduling conference. At issue is "whether there is coverage for, and if so the value of, a property claim arising from an alleged windstorm loss to Plaintiff's real property that reportedly occurred on or about April 27, 2011." Doc. 21 at 3.

During the conference, Defendant's counsel indicated that they would like to inspect Plaintiff's premises, and that such an inspection would aid them in, *inter alia,* analyzing Plaintiff's damages claim for purposes of settlement. Plaintiff advised the Court that she objected to any such request, and would refuse to allow such an inspection to occur.

Following the conference, Defendant filed a Fed. R. Civ. P. 37(a)(3)(B)(iv) motion to inspect Plaintiff's property. *See* doc. 21 (motion "for inspection of real property"). Although, as noted above, Plaintiff stated her objection to such an inspection during the scheduling conference, she did not file a memorandum in opposition to the motion.

The motion is supported by good cause. First, Plaintiff has, to date, refused to permit an

inspection of her real property.  Second, an inspection will allow Defendant and their representatives to view the property in question, to better understand the claim at issue in this case, and also to aid in a possible settlement of that claim.  Finally, recognizing Plaintiff's objection to such an inspection -- as she repeatedly made clear during the scheduling conference -- the Court agrees with Defendant that a Fed. R. Civ. P. 34 Notice of Inspection would be futile.  *See* doc. 21 at 3.

The Court therefore **GRANTS** Defendant's motion to inspect Plaintiff's real property, and **ORDERS** such an inspection promptly occur within the next thirty (30) days or less.   The Court **ALSO ORDERS** Defendant's counsel and *pro se* Plaintiff to confer and agree upon a date and time certain for such an inspection.  If the parties cannot so agree, they shall jointly contact the Court at (937) 512-1640, and the Court will speak with the parties so that a date and  time for the inspection can be promptly scheduled.

Plaintiff is **ADVISED** that she must cooperate in the discovery process in this case.  She is **FURTHER ADVISED** that her failure to participate in discovery and allow the inspection at issue may be cause for the Court to dismiss this case on the grounds that she has failed to comply with a Court Order.  Fed. R.Civ. P. 37(b)(2)(A)(v).

**IT IS SO ORDERED.**

March 8, 2012                                           s/ **Michael J. Newman**
                                                                                   United States Magistrate Judge