**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

SHARON TAYLOR, :

              Plaintiff, :

     -vs- :

ALLSTATE PROPERTY AND :
CASUALTY INSURANCE COMPANY,
                           :

              Defendant.

Case No. 3:11-cv-457

District Judge Timothy S. Black
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION THAT THIS CASE BE DISMISSED
AND
NOTICE REGARDING OBJECTIONS[1]**

---

This is a *pro se* case removed by Defendant, Allstate Property and Casualty Insurance Company[2] (hereinafter "Defendant" or "Allstate"), from the Shelby County, Ohio Court of Common Pleas. This matter is now before the Court *sua sponte.*

On numerous occasions, during a telephone status conference with the Court and again in writing, *pro se* Plaintiff has challenged the Court's authority and jurisdiction to hear this matter. The Court has politely and patiently explained the removal procedure from state court to federal court. Nonetheless, Plaintiff continues to challenge the Court's ability to hear this matter, and continues to believe that the case remains properly before the Shelby County Court of Common Pleas. *See* doc. 30. To that end, Plaintiff has continued to file documents with Shelby County instead of this Court. This conduct has led the Shelby County Common Pleas Judge to advise

---

    [1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

    [2]On February 13, 2012, the Court granted Defendant's motion to substitute Allstate Property and Casualty Insurance Company as the properly-named party in this action. *See* doc. 23.

Plaintiff that she will be sanctioned if she continues to make such filings, as the Common Pleas case was closed when removal to this Court occurred. *Id.*

Commensurate with her continuing objection to this Court's authority and jurisdiction, Plaintiff has repeatedly failed to comply with this Court's Orders: to wit, an Order on March 8, 2012 requiring Plaintiff to permit Allstate to conduct an inspection of her premises, *see* doc. 29; and an Order on March 9, 2012 requiring Plaintiff to file Rule 26(a) initial disclosures, *see* doc. 30. To date, Plaintiff has refused to send initial disclosures to Allstate's counsel, and has also refused to permit Allstate to inspect her premises.

In Orders entered March 8, 2012, March 9, 2012, and March 22, 2012, the Court advised Plaintiff, in writing, that her complaint could be dismissed, and this case closed, if she did not send the initial disclosures, permit the premises inspection and otherwise cooperate in good faith in the discovery process. *See* docs. 29, 30, 34. In its March 8, 2012 Order, for example, the Court wrote in part:

> Plaintiff is **ADVISED** that she must cooperate in the discovery process in this case. She is **FURTHER ADVISED** that her failure to participate in discovery and allow the inspection at issue may be cause for the Court to dismiss this case on the grounds that she has failed to comply with a Court Order. Fed. R.Civ. P. 37(b)(2)(A)(v).

Doc. 29 at PageID 433. Likewise, in its March 9, 2012 Order, Plaintiff was advised in part as follows:

> Plaintiff is again **ADVISED** that she must cooperate in the discovery process in this case. She is **FURTHER ADVISED** that her failure to participate in discovery and send initial disclosures to Defendant's counsel may be cause for the Court to dismiss this case on the grounds that she has failed to comply with a Court Order. Fed. R. Civ. P. 37(b)(2)(A)(v).

Doc. 30 at PageID 435.

The Court has since been advised by Allstate's counsel that Plaintiff is still refusing to cooperate in discovery; still refusing to send initial disclosures; and still refusing to permit an inspection of her premises. *See* docs. 32, 36, 37.

Given this procedural posture, the Court finds Plaintiff's refusal to participate in discovery to be willful, and dismissal to be warranted. *See Accord Smith v. Nationwide Mut. Fire Ins. Co.,* 410 Fed.App'x. 891, 894-95 (6th Cir. 2010); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). There is no question that Plaintiff's refusal to allow Allstate to inspect her property – which she claims has been damaged, and is the basis of her suit – or provide initial disclosures prejudices Allstate's ability to defend this action. *Id.* Furthermore, there are no lesser sanctions that this Court could impose given Plaintiff's willful conduct. *Id.*

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED,** and this case **CLOSED,** on account of Plaintiff's repeated failure to comply with this Court's Orders and her willful failure to cooperate in discovery. Fed. R. Civ. P. 37(b)(2)(A)(v).

April 11, 2012                                          s/ **Michael J. Newman**
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).